# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No. 18-20025-02-DDC

ALBERT BROWN (02),

      Defendant.

---

## MEMORANDUM AND ORDER

Defendant Albert Brown filed two pro se[1] motions. The court liberally construes the first motion as a Motion to Appoint Counsel (Doc. 296), and the second as a Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 308). As explained below, the court denies the request to appoint counsel, and dismisses the motion seeking relief under § 3582(c)(1)(A) for lack of subject matter jurisdiction.

The court begins by considering Mr. Brown's request for appointed counsel.

## I.    Motion to Appoint Counsel (Doc. 296)

### a.  Legal Standard

Our Constitution's Sixth Amendment provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. This language "requires federal courts to appoint lawyers for indigent defendants in felony cases." *United States v. Hopkins*, 920 F.3d 690, 700 n.16 (10th Cir. 2019) (first citing *Johnson v. Zerbst*, 304 U.S. 458, 462–63 (1938); then citing *Alabama v. Shelton*, 535 U.S. 654,

---

[1]     "[P]risoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

661 (2002)).  But, the Supreme Court has explained, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (noting that there is "no constitutional right to counsel beyond the direct appeal of a criminal conviction"); *United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a [18 U.S.C.] § 3582(c)(2) motion.").  And yet, the Criminal Justice Act authorizes the court to appoint counsel "for any financially eligible person" seeking post-conviction relief under 28 U.S.C. §§ 2241, 2254, or 2255 if "the interests of justice so require[.]"  18 U.S.C. § 3006A(a)(2)(B).  For post-conviction relief under 18 U.S.C. § 3582(c)(1)(A), our court arranges appointment of counsel for certain defendants who have filed motions under that provision.  Chief Judge Robinson has explained:

> Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD shall notify the court **within fifteen days of any *pro se* individual filing a compassionate release motion** whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.

*United States v. Velazquez*, No. 16-20114-JAR-4, 2020 WL 7122429, at *1 (D. Kan. Dec. 4, 2020) (emphasis added).  So, under the current Standing Orders, filing a pro se motion for compassionate release gives the Federal Public Defender an opportunity to enter an appearance on the pro se movant's behalf.  *See id.*

### b.  Discussion

Mr. Brown asks the court to appoint him counsel.  Doc. 296 at 1.  The court considers the request for counsel along with his pending motion under § 3582(c)(1)(A) (Doc. 308).  Mr. Brown's request for counsel suffers from several limitations.  *First*, the relevant factors do not

warrant appointing counsel.  When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  Given (1) Mr. Brown's ability to present his § 3582(c) claim, (2) the merits of that claim, (3) the straightforward nature of its factual issues, (4) the complexity of its legal issues, and (5) the lack of evidence showing indigency, the court concludes that the circumstances here do not warrant appointing counsel.

*Second*, the court already has enabled the Federal Public Defender to enter an appearance on Mr. Brown's behalf.  *See* D. Kan. S.O. 2020-8.  On May 10, 2021, the Federal Public Defender's office notified the court that it had reviewed Mr. Brown's § 3582(c) motion (Doc. 308) and had decided against entering an appearance on his behalf.

The court denies Mr. Brown's request for counsel.  Next, the court considers the motion to modify his sentence based on extraordinary and compelling circumstances.

## II.     Motion Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 308)

Mr. Brown filed a motion for relief under 18 U.S.C. § 3582(c)(1)(A) (Doc. 308).  The court issued a Notice and Order to Show Cause, directing Mr. Brown to supply the court with additional information about (1) whether he satisfied the statute's requirement of exhaustion or lapse, and (2) his COVID-19 vaccination status.  *See* Doc. 311 at 2.  Mr. Brown timely responded, providing the requested information.  *See* Doc. 320.  The government then filed a Response (Doc. 331).  Mr. Brown has filed no Reply, and the time to do so has expired.  *See* D. Kan. Rule 6.1(d).  The request now is ripe for ruling.

### a. Legal Standard

The court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Maumau*, 993 F.3d 821, 830–31 (10th Cir. 2021) (reviewing § 3582(c)(1)'s history, text, and requirements).  The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

Our Circuit reads § 3582(c) to impose a jurisdictional requirement.  "'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.'" *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)).  The court now applies this standard to Mr. Brown's motion.

### b. Discussion

#### i. Whether Mr. Brown Shows Exhaustion or Lapse

The court previously explained that Mr. Brown shows that he meets § 3582(c)(1)(A)'s requirement of exhaustion or lapse.  *See* Doc. 322 at 1 (concluding "Mr. Brown asserts that he shows lapse . . . because the warden failed to respond to his request for relief under §

3582(c)(1)(A) within 30 days").  The court thus asks whether he shows "extraordinary and compelling reasons" exist.  18 U.S.C. § 3582(c)(1)(A)(i).

### ii.  Whether Mr. Brown Shows an Extraordinary and Compelling Reason

Mr. Brown asserts that his obesity and incarceration at FCI Yazoo City during the COVID-19 pandemic constitute an extraordinary and compelling reason under § 3582(c)(1)(A).  *See* Doc. 308 at 6–10.  The government shares that view.  Doc. 331 at 15.  And so does the court. Mr. Brown asserts a medical condition—severe obesity—that the CDC explains can increase risk of severe illness from COVID-19.  CDC, *COVID-19:  People with Certain Medical Conditions* (updated May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 21, 2021).  So, the court considers whether this reason, given § 3553(a), warrants the modification Mr. Brown requests.

### iii.  Whether § 3553(a)'s Sentencing Factors Support the Sentence Modification Mr. Brown Requests

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances.  *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467 at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

Here, Mr. Brown asks the court to modify his sentence by reducing it to time served and adding a corresponding period of home confinement to the terms of his supervised release.  *See* Doc. 308 at 4–5, 10, 12.  The government asserts that a substantial portion of Mr. Brown's sentence remains, and that a time served sentence he requests would fail to reflect § 3553(a)'s sentencing factors.  The court sentenced Mr. Brown to 92 months' imprisonment.  Doc. 239 at 2.  Today, his projected release date is roughly 39 months away.  *See* Albert Brown, Reg. No. 29193-031, https://www.bop.gov/inmateloc/ (last visited July 21, 2021).  This remainder represents 42% of his original sentence.  Where the court previously has granted relief under § 3582(c)(1)(A) during the COVID-19 pandemic, defendants sought sentence modifications far less substantial.[2]  And the court has held that a defendant's extraordinary and compelling circumstances, in light of § 3553(a), did not warrant relief far more modest than Mr. Brown's request.[3]

To grant Mr. Brown's motion would reduce significantly his sentence's severity.  Replacing imprisonment with a corresponding period of home confinement can mitigate the extent that the sentence modification reduces the severity of the total sentence.  *See Johnson*, 2020 WL 5981676, at *6.  But home confinement and imprisonment are not exact equivalents.  Here, home confinement would replace about 42% of the imprisonment term.  Only a substantial shift in the court's analysis of the relevant § 3553(a) factors could justify that outcome.

---

[2]     *See, e.g.*, *United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting § 3582(c)(1)(A) motion where roughly 5% of term of imprisonment remained and defendant already had transferred to a residential reentry center); *United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *6 (D. Kan. Oct. 8, 2020) (granting § 3582(c)(1)(A) motion where roughly 12% of term of imprisonment remained).

[3]     *See, e.g.*, *United States v. Wuellner*, No. 13-20031-01-DDC, 2021 WL 51024, at *2–3 (D. Kan. Jan. 6, 2021) (holding defendant's incarceration and health conditions during COVID-19 pandemic, though "extraordinary and compelling," were not sufficient given the § 3553(a) factors to warrant replacing the remaining 9% of defendant's term of imprisonment with home confinement).

Here, the circumstances do not produce a shift substantial enough to support Mr. Brown's sentence modification request.  After Mr. Brown pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute More than 100 Grams of Heroin, the court sentenced him to 92 months' imprisonment, Doc. 239 at 1–2, as the plea agreement proposed, Doc. 139 at 3.  The court's analysis of certain § 3553(a) factors has shifted since Mr. Brown's sentencing.  Under § 3553(a)(1), the court acknowledges that Mr. Brown's health conditions and the risks he faces as a federal inmate during the COVID-19 pandemic support a lesser sentence than when the court sentenced him.  Moreover, Mr. Brown explains his efforts to educate himself and develop personal and professional skills to prepare himself for success upon release.  *See* Doc. 308 at 7–8.  Mr. Brown's accomplishments, goals, and commitment to acquiring education are commendable.  But the court must weigh this new information against other facts relevant to the court's analysis of the sentencing factors.

Several significant factors that supported Mr. Brown's original sentence continue to support a term of imprisonment longer than the time-served sentence he now seeks.  *See, e.g.*, 18 U.S.C. § 3553(a)(1)–(2) (including "the nature and circumstances of the offense" and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense").  The court's aggregate analysis of the sentencing factors hasn't changed enough since sentencing Mr. Brown to render appropriate the *substantial* sentence modification Mr. Brown requests.  The circumstances thus do not warrant relief under § 3582(c)(1).  And our Circuit's cases "require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."  *Poutre*, 834 F. App'x at 473 (first citing *United States v. White*, 765 F.3d at 1250; then citing *United States v. C.D.*, 848 F.3d 1286, 1291

(10th Cir. 2017)).  So, the court lacks subject matter jurisdiction to consider the motion.  The court must dismiss the motion.

### III.     Conclusion

Mr. Brown filed a request for counsel to file a claim under § 3582(c)(1)(A), and a motion under § 3582(c)(1)(A).  No right to counsel to pursue § 3582(c)(1)(A) claims exists.  Courts may appoint counsel on a discretionary basis.  But, the court declines to do so here.  The court denies the Motion to Appoint Counsel (Doc. 296).

Mr. Brown also filed a motion under § 3582(c)(1)(A).  But he fails to show that, given the sentencing factors under § 3553(a), extraordinary and compelling reasons warrant the substantial sentence modification he requests.  The court thus lacks subject matter jurisdiction over his request and dismisses the motion (Doc. 308) on that basis.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Albert Brown's Motion to Appoint Counsel (Doc. 296) is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Brown's motion under 18 U.S.C. § 3582(c)(1)(A) (Doc. 308) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 21st day of July, 2021, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**